IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD N. NWABUISI, #A91650517   *

Petitioner   *

v   *   Civil Action No. CCB-14-49

ERIC H. HOLDER, et al.,[1]   *

Respondents   *
  ***

# MEMORANDUM

On January 8, 2014, this 28 U.S.C. § 2241 petition was filed by Richard Nwabuisi, who claims that he has been held in Immigration and Customs Enforcement ("ICE") custody beyond the expiration of the presumptive six-month removal period.[2] (Pet., ECF No. 1.) The court construed his challenge as invoking the due process dictates of *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)[3] and directed his custodian to respond. (ECF No. 4.) On February 4, 2014, respondent filed an answer seeking dismissal of the case as prematurely filed or, alternatively, based on the legality of petitioner's continued detention. (ECF No. 7.) Petitioner has filed a reply and has submitted a motion to stay removal and a request for emergency ruling on stay of removal. (ECF Nos. 10-12.)

---

[1] Pursuant to *Rumsfield v. Padilla*, 542 U.S. 426, 434-442 (2004) (where alien is solely challenging his detention, proper respondent is custodian), the proper party respondent is the warden where petitioner is detained. The Clerk shall amend the docket to terminate the names of all respondents other than Warden Garry Mumford.

[2] As he has paid the filing fee, his motion for leave to proceed in forma pauperis (ECF No. 2) shall be denied.

[3] In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

I.     Procedural and Factual Background

Petitioner, a Nigerian citizen, currently detained at the Worcester County Detention Center, alleges he has been in custody of the Department of Homeland Security ("DHS") since May 18, 2012, and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)

Petitioner was admitted to the United States on or about January 8, 1987, as a B2 non-immigrant with authority to stay in country for a temporary period not to exceed six months. He was granted lawful permanent resident status in October of 1997. Based on two New York State criminal convictions occurring in May of 2010, ICE issued a Notice directing Petitioner to Appear for Removal Proceedings. (Shockley Decl., ECF No. 9-1.)

The Notice to Appear charged Petitioner with removability from the United States pursuant to Section 237 (a) (2) (A) (ii) of the Immigration and Nationality Act as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Notice to Appear dated December 9, 2010, ECF No. 9-2.) On June 4, 2013, an Immigration Judge ordered petitioner removed from the United States. (Order of the Immigration Judge, ECF No. 9-3.) Petitioner did not appeal this order within the thirty day period provided in the removal order. (Shockley Decl., ECF No. 9-2; *see also* ECF No. 9-3, p. 1.)

II.    Statutory and Legal Framework

Under the Immigration and Nationality Act, when an alien is ordered removed, the DHS "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During this 90-day removal period, DHS is required to detain the alien. *See* 8 U.S.C. § 1231(a)(2). Certain aliens, including those who commit aggravated felonies or crimes against moral turpitude, may be detained beyond this removal period. *See* 8 U.S.C. §1231(a)(6). The 90-day period begins on the latest of: (i) the date the removal order becomes

administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *See* 8 U.S.C. § 1231(a)(1)(A) and (B).

Although the statute gives DHS the discretion to continue detaining an alien who is subject to removal, the detention is subject to the limits of the Due Process Clause of the Fifth Amendment. In *Zadvydas,* 533 U.S. at 690-92, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6), the provision that allows for detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Court held that it is presumptively reasonable for the government to detain an alien for six months. *See id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, the statute does not authorize continued detention. *See id.* at 699.

The Court made clear that after the expiration of the presumptively reasonable six-month detention period, the alien, not the government, bears the burden to make this showing. *See id.* at 701. If the alien carries this burden, the government then must provide evidence sufficient to rebut this showing by showing there is a significant likelihood of removal in the reasonably foreseeable future. If successful, the government may continue to detain the petitioner. *See id.* at 700-01. If the government response fails, the petitioner may be entitled to release from detention. *Id.*; *see also Clark v. Martinez*, 543 U.S. 371-378 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

III.    Analysis

As this court lacks jurisdiction to review the removal order,[4] the validity of the removal order mandating petitioner's deportation is not at issue. Petitioner's 90-day removal period began on June 4, 2013, when the Immigration Judge entered a removal order. Based on his conviction for crimes involving moral turpitude, petitioner was subject to detention beyond the 90-day removal period. *See* 8 U.S.C. §§ 1227(a)(2), 1231(a)(6).

The six-month presumptively reasonable period for continued detention under *Zadvydas* expired on January 4, 2014. The instant petition was received by the Clerk on January 8, 2014, and is timely filed.

Despite the running of the *Zadvydas* clock, petitioner is not entitled to release, because he has refused to cooperate in ICE's efforts to facilitate his prompt return to Nigeria. (Shockley Dec., ECF No. 9-2.) On five occasions, petitioner was warned that his failure to cooperate in the removal process could subject him to criminal charges and could form the basis for extending the statutory period of removal. (ECF No. 9-4, 9-5, and 9-6.) Petitioner claims he has informed ICE personnel that his signature has been forged on certain travel documents (ECF No. 6, p. 1-2) and that the court is being "deceive[d]" with regard to a December 27, 2013 certificate concerning his interview with Nigerian consulate personnel. (ECF No. 7, pp. 2-3.)

ICE obtained a travel document from Nigeria on December 27, 2013, which remained valid for thirty days, effective January 7, 2014. (ECF No. 9-7.) ICE twice has attempted to remove petitioner to Nigeria using the travel document; on both occasions, January 23 and February 4, 2014, petitioner has refused to board the commercial flights. (ECF Nos. 9-8 and 9-

---

[4] *See* Real ID Act of 2005, Pub. L. No. 109-13, Div. B, Section 106(a), (c), 119 Stat. 231 (2005), codified under 8 U.S.C. § 1252(a).

9.) The travel documents have expired. ICE wil seek renewal of the travel documents and likely will place petitioner on an ICE charter flight in May of this year. (Shockley Decl., para. 5, ECF No. 9-1.)

Respondent has demonstrated that the Nigerian government has determined that petitioner is a Nigerian citizen, and emergency travel documents have been issued. Respondent states that petitioner has refused to board commercial flights to Nigeria and that the emergency travel documents now have expired. Further, respondent indicates steps are underway to have the travel documents reissued and to remove petitioner to Nigeria when an ICE flight is available in May of 2014.

Petitioner has failed to establish that there is no significant likelihood he will be removed in the reasonably foreseeable future. Should his detention continue beyond May of 2014, he may again seek habeas corpus relief in this court pursuant to 28 U.S.C. § 2241.

Petitioner's request for a ruling on stay is granted, and his request for a stay of removal, together with his petition for habeas corpus relief, are denied. A certificate of appealability shall not issue.

A separate order follows.

<u>March 13, 2014</u>  _____/s/_____
Date  Catherine C. Blake
United States District Judge